# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 14-1250; MEW Sporting Goods, LLC v. David D. Johansen |
|---|---|
| **Originating No. & Caption** | 1:13-cv-00010-IMK; MEW Sporting Goods, LLC v. Johansen |
| **Originating Court/Agency** | U.S. District Court for the Northern District of West Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | January 21, 2014 | |
| Date notice of appeal or petition for review filed | March 20, 2014 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ● Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | none known | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| The case below was brought by petitioner MEW Sporting Goods, LLC ("MEW"), a West Virginia limited liability company, to review the denial by the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") of MEW's application for a federal firearms dealer's license ("FFL").  The respondent was David D. Johansen, Director of Industry Operations, Louisville Field Office of ATF, who was sued in his official capacity.  The action was brought pursuant to 18 U.S.C. § 923(f)(3) to review the Final Notice denying MEW's application.  The Final Notice was issued after a hearing conducted by ATF, in which an administrative record was created.  The Final Notice contended that Mark Walsh, the sole member of MEW, had "willfully violated" 18 U.S.C. § 923(d)(1)(D) with respect to a previous FFL of which he was the sole member, by "intentionally omitt[ing] the name of Teresa Walsh as an owner and responsible person for Mountaineer Gun Sales LLC...." ("Mountaineer").  MEW denies that Teresa Walsh was an owner or responsible person of Mountaineer, and contends that, even if she was, any failure to list her did not violate § 923(d)(1)(D) or any other section of the Gun Control Act of 1968.  The case was heard on cross-motions for summary judgment.  By Opinion and Order dated January 21, 2014, the District Court granted Respondent Johansen's Motion to Dismiss or for Summary Judgment, and denied Petitioner MEW's Motion for Summary Judgment. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

a. Whether the trial court erred in holding that the omission of an alleged "responsible person" from an FFL application was a "willful violation" of the GCA when i) the application can only be denied if a responsible person is disqualified from possessing or receiving firearms in interstate commerce (felons, mentally ill, and the like) and the alleged responsible person was not disqualified; and ii) there is no statutory authority for ATF to require information about "responsible persons" except those who are disqualified.

b. Whether a corporate "successor in interest" test can be used to deny an FFL application when the governing statute does not provide for such a test.

c. Whether an individual is a "responsible person" when she is not an owner of the entity, performs only ministerial tasks such as filling out Form 4473s, is directed in her tasks by the LLC's sole member who had actual decisionmaking authority, and had no legal authority or power to direct or cause the direction of the management and policies of the entity as stated in § 923(d)(1)(B).

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: David D. Johansen, Director of Industry Operations, Louisville Field Division, BATFE | Adverse Party: |
| Attorney: Alan G. McGonigal<br>Address: Assistant United States Attorney<br>U.S. Attorney's Office-NDWV<br>1125 Chapline Street, Suite 3000<br>Wheeling, WV 26003 | Attorney:<br>Address: |
| E-mail: alan.mcgonigal@usdoj.gov | E-mail: |
| Phone: (304) 234-0100 | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: MEW Sporting Goods, LLC<br><br>Attorney: Dan M. Peterson<br>Address: Dan M. Peterson PLLC<br>        3925 Chain Bridge Road<br>        Suite 403<br>        Fairfax, VA 22030<br><br>E-mail: dan@danpetersonlaw.com<br><br>Phone: (703) 352-7276 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant (continued)** ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Dan M. Peterson                    **Date:** April 3, 2014

**Counsel for:** MEW Sporting Goods, LLC

**Certificate of Service**: I certify that on ____April 3, 2014____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

|  |  |
|---|---|
|   |   |

Signature: /s/ Dan M. Peterson            Date: April 3, 2014